FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 11 2007 ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANTHONY C. MOBLEY,

        Plaintiff,

- against -

SEIU LOCAL 32BJ,

        Defendant.

------------------------------------------------------------X

**MEMORANDUM & ORDER**

1:07-cv-0765-ENV-LB

**VITALIANO, D.J.**

    Plaintiff, appearing *pro se,* filed the instant complaint on February 15, 2007, using an employment discrimination complaint form, but alleging that defendant union "failed to properly represent" him after his employment was terminated by his employer on January 25, 2006. Id. ¶ 8. By order dated March 20, 2007 (the "March Order"), the Court directed plaintiff to amend his complaint to specify whether he wishes to pursue against defendant: (1) a claim under the Age Discrimination in Employment Act of 1967 (ADEA), as codified, 29 U.S.C. §§ 621-634; or (2) a duty of fair representation claim under the Labor Management Relations Act (LMRA), § 301, 29 U.S.C. § 185. Mobley v. SEIU Local 32BJ, No. 07-CV-0765 (ENV), slip op. at 4 (E.D.N.Y. Mar. 20, 2007). The Court advised plaintiff that if he wishes to pursue the latter claim, he must establish that the instant complaint was filed within the six-month limitation period for bringing such a claim. Id. On April 23, 2007, plaintiff filed an amended complaint.

    In his amended complaint, plaintiff states, "I the plaintiff do solely agree that I feel that I was poorly represented by my then union SEIU Local 32BJ." Am. Compl. at 1. Plaintiff also attaches numerous documents to his amended complaint in support of his claim. While plaintiff writes "JOB DISCRIMINATION/UNFAIR LABOR PRACTICES" in the amended complaint's caption and attaches a right to sue letter regarding a complaint he filed against his former employer with the U.S.

Equal Employment Opportunity Commission, based on the totality of allegations, it is apparent that plaintiff wishes to assert a duty of fair representation claim under the LMRA against SEIU Local 32BJ.

Plaintiff, however, does not directly address the timeliness of his LMRA claim as directed by the March Order. Nevertheless, in an Affidavit ("Aff.") attached to the amended complaint and dated August 28, 2006, plaintiff alleges that he made numerous attempts to find out from defendant how it was pursuing his claim of wrongful termination against his former employer up until August 21, 2006, after which, plaintiff claims, defendant was unresponsive to his inquiries. Aff. ¶ 16. Based on these allegations, it can be said that at that time, "plaintiff knew or reasonably should have known that such a breach [of fair representation] had occurred," Santos v. Dist. Council, 619 F.2d 963, 969 (2d Cir. 1980), for the purpose of determining when plaintiff's LMRA claim accrued. As the instant action was filed on February 15, 2007, it is just within the six-month limitation period for bringing a claim under the LMRA.

## CONCLUSION

Accordingly, the instant action shall proceed with regard to plaintiff's duty of fair representation claim under the LMRA against SEIU Local 32BJ. This case is hereby referred to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

DATED: Brooklyn, New York
APR 3 0 2007 , 2007

SO ORDERED

ERIC N. VITALIANO
U.S.D.J.